1  CHRIS R. SCHMIDT (SBN 298761)
   chris.schmidt@eriseip.com
2  MICHELLE L. MARRIOTT
   (*pro hac vice* to be filed)
3  michelle.marriott@eriseip.com
   ERIC A. BURESH
4  (*pro hac vice* to be filed)
   eric.buresh@eriseip.com
5  MARK C. LANG
   (*pro hac vice* to be filed)
6  mark.lang@eriseip.com
   ERISE IP, P.A.
7  7015 College Blvd., Suite 700
   Overland Park, KS 66211
8  Telephone: 913.777.5600
   Facsimile: 913.777.5601
9
   COUNSEL FOR UBISOFT, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UBISOFT, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>UNILOC 2017, LLC,<br><br>  Defendant. | Case No. [19-cv-001062]<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ubisoft, Inc. files this Complaint for Declaratory Judgment against Uniloc 2017, LLC, and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement of U.S. Patent Nos. 6,324,578 (the "'578 patent") and 7,069,293 (the "'293 patent") (collectively the "Patents-in-Suit") arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, including Title 35, United States Code. *See* Exhibits 1 ('578 patent) and 2 ('293 patent).

2. Uniloc USA, Inc., Uniloc Luxembourg S.A., the predecessors-in-interest to Uniloc 2017, LLC, previously asserted the '578 and '293 patents against Ubisoft, Inc. in litigation, alleging that "Ubisoft's Uplay game portal" infringes certain claims of the Patents-in-Suit. *See Uniloc USA, Inc. and Uniloc Luxembourg S.A. v. Ubisoft, Inc.*, Complaint, Dkt. 1, Case No 2:16-cv-00745 (E.D. Texas) (the "Texas Litigation").

3. On June 2, 2017, Ubisoft, Inc. filed a motion in the Texas Litigation seeking to transfer the litigation from the Eastern District of Texas to the Northern District of California (the "Transfer Motion") in view of the Supreme Court's then-recent decision in *TC Heartland LLC v. Kraft Foods Group Brands* LLC, 137 S. Ct. 1514 (2017). The Transfer Motion demonstrated that venue in Texas is improper because Ubisoft, Inc. did not reside in the Eastern District of Texas. Texas Litigation Dkt. 32.

4. On September 28, 2017, the district court in the Texas Litigation determined that the claims of the Patents-in-Suit were patent ineligible under 35

1. U.S.C. § 101 in a related case (the "Related Case"). *Uniloc USA, Inc. v. ADP, LLC*, 279 F.Supp.3d 736 (E.D. Tex. 2017).

5. On October 26, 2017 – after the Transfer Motion had been fully briefed but before the district court had ruled on it – Uniloc USA, Inc. and Uniloc Luxembourg S.A. voluntarily dismissed the Texas Litigation without prejudice.

6. On information and belief, on May 3, 2018, Uniloc USA, Inc. and Uniloc Luxembourg transferred all of their rights in and to the Patents-in-Suit to Uniloc 2017.

7. Uniloc USA, Inc. and Uniloc Luxembourg S.A. appealed the district court's dismissal, and moved to substitute or, in the alternative, to join Uniloc 2017 in the appeal. On May 24, 2019, the Federal Circuit joined Uniloc 2017 as a party, and reversed the district court's ruling as to the Patents-in-Suit, while affirming the district court's ruling as to other related patents.

8. Due to the Federal Circuit's reversal of the district court's ruling in the Related Case that the Patents-in-Suit were patent ineligible, Uniloc 2017 could and likely will re-assert the Patents-in-Suit against Ubisoft, Inc. Uniloc USA, Inc. and Uniloc Luxembourg S.A. previously dismissed the Texas Litigation *without prejudice* in order to retain the ability to do so.

9. Accordingly, an actual, substantial, and continuing justiciable controversy exists between Ubisoft, Inc. and Uniloc 2017, LLC with respect to the Patents-in-Suit.

## THE PARTIES

10. Plaintiff Ubisoft, Inc. is a corporation organized under the laws of California, with its principal place of business at 625 3rd St., San Francisco, California.

11. Uniloc 2017, LLC is a Delaware corporation having places of business at 1209 Orange Street, Wilmington, Delaware 19801 and 620 Newport Center Drive, Newport Beach, California 92660.

## JURISDICTION AND VENUE

12. This action is based on the patent laws of the United States, Title 35 of the United States Code, § 1 *et seq.*, with a specific remedy sought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy exists between Ubisoft, Inc. and Uniloc 2017, LLC that requires a declaration of rights by this Court.

13. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1131 and 1338(a).

14. This Court has personal jurisdiction over Uniloc 2017, LLC. Uniloc 2017 has a place of business located in Newport Beach, California, within this judicial district. Uniloc 2017 can be served with process through its registered agent, CT Corporation System, 818 Seventh Street, Ste. 930, Los Angeles, California, 90017. Further, Uniloc 2017 is an investment holding company primarily engaged in the business of patent licensing, and has initiated patent

infringement lawsuits in this district and other districts in California, repeatedly availing itself to the benefits of this forum.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTUAL BACKGROUND

16. Uniloc 2017 is an investment holding company and patent-licensing entity that neither makes nor sells any products or services.

17. Uniloc 2017 purports to be the sole owner of all rights, by assignment, of the '578 patent, entitled "Methods, Systems and Computer Program Products for Management of Configurable Application Programs on a Network."

18. Uniloc 2017 purports to be the sole owner of all rights, by assignment, of the '293 patent, entitled "Methods, Systems and Computer Program Products for Distribution of Application Programs to a Target Station on a Network."

19. On July 8, 2016, Uniloc USA and Uniloc Luxembourg filed suit against Ubisoft alleging infringement of the '578 patent and '293 patent in *Uniloc USA, Inc., et. al., v. Ubisoft, Inc.*, Case No. 2:16-cv-00745-RWS (E.D. Tex.).

20. On September 28, 2017, the district court found the asserted claims of the Patents-in-Suit to be drawn to ineligible subject matter and, therefore, invalid. *Uniloc USA, Inc. v. ADP, LLC*, 279 F.Supp.3d 736 (E.D. Tex. 2017). Pursuant to this ruling, Uniloc dismissed its case against Ubisoft, Inc. without prejudice.

21. On May 24, 2019, the Court of Appeals for the Federal Circuit reversed the District Court's finding that the '293 patent and '578 patent are patent

ineligible under §101, while upholding the District Court's finding that other patents related to the '293 an '578 patents were directed to patent ineligible subject matter. *Uniloc USA, Inc. v. ADP, LLC*, No. 2018-1132, 2019 WL 2245938 (Fed. Cir. May 24, 2019).

### FIRST CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '578 Patent)**

22. This is a claim for declaratory judgment of non-infringement of the '578 Patent. Ubisoft, Inc. incorporates by reference its allegations contained in each of the preceding paragraphs of this Complaint as though fully set forth herein.

23. The '578 Patent is expired.

24. Uniloc has previously sued Ubisoft, Inc., accusing the "Uplay game portal" of infringing certain claims of the '578 Patent.

25. Ubisoft, Inc. did not infringe and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '578 Patent.

26. Ubisoft, Inc. is entitled to a judicial declaration and order that it does not infringe any claim of the '589 Patent.

### SECOND CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '293 Patent)**

27. This is a claim for declaratory judgment of non-infringement of the '293

1 Patent. Ubisoft, Inc. incorporates by reference its allegations contained in each of the preceding paragraphs of this Complaint as though fully set forth herein.

28. Uniloc has previously sued Ubisoft, Inc., accusing the "Uplay games portal" of infringing certain claims of the '293 Patent.

29. Ubisoft, Inc. is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '293 Patent.

30. Ubisoft, Inc. is entitled to a judicial declaration and order that it does not infringe any claim of the '293 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Ubisoft, Inc.. prays for a declaratory judgment against Uniloc 2017, LLC as follows:

A. A declaration that Ubisoft, Inc. has not infringed and is not infringing any claim of the '578 or '293 Patents;

B. A declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285;

C. An award of costs and reasonable attorneys' fees to Ubisoft, Inc.; and

D. Such other and further relief as the Court deems just and reasonable.

**JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE**

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 38-1, Plaintiff Ubisoft, Inc. hereby demands a trial by jury of all issues triable before a jury.

1 | Dated:  May 31, 2019

Respectfully submitted,

2 | /s/Chris R. Schmidt
Chris R. Schmidt (SBN 298761)
3 | chris.schmidt@eriseip.com
Michelle L. Marriott (*pro hac vice* to be filed)
4 | michelle.marriott@eriseip.com
Eric A. Buresh (*pro hac vice* to be filed)
5 | eric.buresh@eriseip.com
Mark C. Lang (*pro hac vice* to be filed)
6 | mark.lang@eriseip.com
ERISE IP, P.A.
7 | 7015 College Blvd., Suite 700
Overland Park, KS 66211
8 | Phone: (913)777-5600
Fax:   (913)777-5601

*Attorneys for Plaintiff Ubisoft, Inc.*